FILED
2017 Jun-12 PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| KELLY FALLETTA, An individual, | ) ) |
| PLAINTIFF, | ) ) |
| Vs. | ) CASE NO. CV _____ ) |
| HEALTH AND WELFARE BENEFIT PLANS OF VULCAN MATERIALS COMPANY; VULCAN MATERIALS COMPANY; and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; | ) ) ) ) ) ) ) |
| DEFENDANTS. | ) ) ) |

## COMPLAINT

COMES NOW Plaintiff Kelly Falletta, and hereby Complains of Defendants Health and Welfare Benefit Plans of Vulcan Materials Company (the "Plan"), Vulcan Materials Company ("Vulcan"), and Hartford Life and Accident Insurance Company ("Hartford") for Damages and such other relief as may be appropriate by stating as follows:

### Statement of the Parties

1. Kelly Falletta, ("Mrs. Falletta") is an individual over the age of nineteen (19) and a resident of Birmingham, Alabama.

2. Defendant Plan is an employee benefit plan provided by Vulcan to its employees such as Mrs. Falletta.

3. Defendant Vulcan is a foreign corporation organized under the laws of New Jersey but with its principal place of business in Birmingham, Jefferson County, Alabama.

4. Defendant Hartford is a foreign insurance corporation organized under the laws of Connecticut and doing business in Birmingham, Jefferson County, Alabama.

## Jurisdiction

5. This matter comes before this Honorable Court pursuant to the Employee Retirement Income and Security Act (ERISA). 29 U.S.C. § 1132 (e)(1)(2).

## Statement of the Facts

6. Kelly Falletta had a disability policy with under Defendant Plan with Defendant Hartford by and through her employer, Vulcan.

7. Upon information and belief, Defendant Vulcan is the administrator of the Plan, and Defendant Hartford provided a long term disability policy to Mrs. Falletta with policy number GLT-675614.

8. Upon information and belief, Defendant Vulcan, as the administrator and sponsor of Defendant Plan and Defendant Hartford as assignee of the Plan,

have a conflict of interest with respect to the determination and denial of Mrs. Falletta's benefits under her long term disability policy.

9. Mrs. Falletta has been treated for a spinal deformity by various medical providers including: Thomas Wilson, M.D., St. Vincent's Hospital, Robert Nesbitt, M.D., Brookwood Medical Center, Catherine Thomas, M.D., David Cosgrove, M.D., and A. Khan, M.D.

10. According to Dr. Wilson, Mrs. Falletta suffers from chronic back pain and leg pain related to a spinal deformity condition which limits her ability to sit for a prolonged period. Further, Dr. Wilson noted that Mrs. Falletta has a grade 2-3 spondylolisthesis at L5-S1, and is status post fusion L5-S1. Further, Dr. Wilson has stated that Mrs. Falletta will be incapacitated "indefinitely" due to her medical condition and that she will need a reduced work schedule as a result. In light of her episodic flare-ups, Dr. Wilson opined that Mrs. Falletta will be prevented from performing her job functions and that it will be necessary for her to be absent from work because she "must lay down (take pressure off spine) and take pain medication." The flare-ups will occur frequently: 14-24 hours per day, and according to Dr. Wilson, this condition is chronic and permanent.

11. David Cosgrove, M.D. also examined Mrs. Falletta and treated her for pain.

12. Dr. Cosgrove indicated to Defendants that Mrs. Falletta has spondylolisthesis, post operative radiculopathy, spinal stenosis, chronic back pain, leg pain and weakness.  He further stated that Mrs. Falletta would need to change positions frequently, alternating between standing, sitting and lying down and noted that she should never bend at waist, kneel/crouch, climb, balance, drive or lift.

13. According to Dr. Cosgrove, Mrs. Falletta "will be unable to tolerate gainful employment even at a sedentary level for the remainder of her life."

14. Finally, Dr. Thomas also provided Defendants with a medical assessment of Mrs. Falletta.  According to Dr. Thomas, Mrs. Falletta has lumbar disc disease and mixed anxiety depressive disorder and back pain.

15. Dr. Thomas has stated that in a general workplace environment, Mrs. Falletta would not be able to sit, stand or walk for more than one hour at a time, and these restrictions are for her lifetime.

16. As a result, Mrs. Falletta applied for, and received, Social Security Disability benefits.

17. In light of the Social Security ruling and her doctor's opinions, Mrs. Falletta applied for her Long Term Disability ("LTD") benefits with Defendants.

18. On or about June 30, 2016, Defendants denied Mrs. Falletta's claim for LTD.

19.     Mrs. Falletta appealed that decision, and on December 16, 2016, Defendants once again denied Mrs. Falletta's claim for LTD, upholding the June 30, 2016 decision.

20.     On February 20, 2017, the undersigned counsel sent a letter to Defendant Hartford along with a report from Russ Gurley, LPC, a vocational expert, assessing Mrs. Falletta's employability and vocational disability. A copy of said letter and report are attached hereto as Exhibit "A".

21.     Mr. Gurley clearly states in his report that "Mrs. Falletta is 100% permanently totally disabled from all work. She meets the definition of disabled as defined by [the Plan]. Mrs. Falletta is disabled from her own occupation and any other occupation."

22.     Further, Mr. Gurley reported, "The subjective presentation of Mrs. Falletta during this vocational assessment would further indicate that no reasonable employer would hire her if in fact she has to squirm, squat, crouch, rock, and crawl constantly to try and find a position of comfort."

23.     Defendant Hartford responded on March 16, 2017 refusing to consider Russ Gurley's report and stating the appeal period had been exhausted and that Defendants would refuse to consider any additional information such as Russ Gurley's report. A copy of said letter is attached hereto as Exhibit "B".

24. On April 14, 2017, Mrs. Falletta's undersigned counsel again sent a letter to Defendant Hartford, and a copy of said letter is attached hereto as Exhibit "C".

25. In said letter, the undersigned counsel cited case authority for the rationale behind the Plan as well as for considering additional information such as Russ Gurley, LPC's report.

26. Further, Plaintiff clearly requested Form 5500 filed with the IRS in order to determine how the Plan was designated with the Federal Government.

27. On May 8, 2017, Defendants responded to the April 14, 2017 letter reiterating the fact that Defendants would not consider any additional information AND refusing to provide copies of any and all plans and Form 5500's. A copy of said letter is attached hereto as Exhibit "D".

28. As a result, this lawsuit was initiated.

## ERISA CLAIMS

29. Plaintiff restates all paragraphs above as if fully set forth herein.

30. Defendants abused their discretion and acted unreasonably, arbitrarily and capriciously in denying Plaintiff her LTD.

31. Defendants have improperly denied Plaintiff her LTD benefits in the following manner:

      a.      They failed to acknowledge the findings of the treating physicians who indicated that Mrs. Falletta was unable to work;

      b.      They failed to take into account the medical records of the treating physicians;

      c.      They failed to take into consideration the fact that Plaintiff was awarded Social Security disability benefits and didn't even inquire as to what medical evaluation was performed by the Social Security Administration;

      d.      They evaluated the medical and vocational evidence in a biased manner;

      e.      They never had Plaintiff examined by an independent physician;

      f.      They ignored the reports provided by Plaintiff;

      g.      Defendants abused their discretion and acted arbitrarily and capriciously in their review and denial of Mrs. Falletta's claim for LTD; and

30.      The Defendant's denial of long-term disability benefits is a violation of 29 U.S.C. §1132(a)(1).

WHEREFORE, Plaintiff Kelly Falletta prays for the following relief: a) Declaratory relief that she is entitled to disability benefits, past and present, plus

interest; b) Reasonable attorney fees and costs pursuant to 29 U.S.C. §1132(a); and

c) Any other relief that this Honorable Court deems appropriate.

### ERISA CLAIMS FOR RELIEF COUNT V
### PENALTY AGAINST DEFENDANTS VULCAN AND HARTFORD AS THE CLAIMS ADMINISTRATOR AND THE ACTING DE FACTO PLAN ADMINISTRATOR FOR FAILURE TO PROVIDE DOCUMENTS PURSUANT TO 29 U.S.C. § 1132 (c)(1)

31. Plaintiff Mrs. Falletta incorporates the allegations set forth in all preceding paragraphs above as if set forth in full herein.

32. Plaintiff Mrs. Falletta, through counsel, made written request for documents from Defendants VULCAN/HARTFORD, and VULCAN/HARTFORD failed to provide certain documents, and as a result, Mrs. Falletta was harmed by VULCAN/HARTFORD's failure to provide such documents; therefore, VULCAN/HARTFORD should be required to pay the maximum penalty for the withholding of documents pursuant to ERISA.

33. Mrs. Falletta, as a participant and beneficiary, has a right to enforce this obligation and seek redress of an administrator's violation.  ERISA § 502(c), "a civil action may be brought (1) by a participant or beneficiary (A) for relief provided for in subsection (c) of this section."

34. VULCAN/HARTFORD was the claims administrator for the LTD Plan and controlled the entire claims and appeals process following Mrs. Falletta's initial application for benefits.

35. Administrators have an obligation to provide information, including a duty to respond to written requests for information about the employee benefits and the documents relevant to a claim for benefits, and participants and beneficiaries have a cause of action if the Administrators do not provide the information.

36. ERISA § 502(c), 29 U.S.C. § 1132(c) provides for penalties for an administrator's refusal to supply required information. Under that section of ERISA:

> (1) *Any* administrator....[who fails to provide certain information]
>
> (B) who fails or refuses to comply with a request for any information which such administrator is *required by this subchapter to furnish* to *a participant or beneficiary* (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

37. The penalty is due to be paid by any administrator who fails or refuses to comply with a request for information *"which such administrator is required by this subchapter to furnish to a participant or beneficiary."*

38. This penalty applies to the failure to provide the documents relevant to the plan: "(4) The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and **the latest annual report**, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence. (emphasis added). ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

39. In addition to the summary plan descriptions and other documents under which the plan is operated, ERISA § 109(c), 29 U.S.C. § 1029 provides that the Secretary of Labor may also prescribe what other documents should be furnished:

> (c) Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries. The Secretary may prescribe the format and content of the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and *any other report, statements or documents* (other than the bargaining agreement, trust agreement, contract, or other instrument

10

>under which the plan is established or operated), ***which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan.***

[emphasis added]

40. Pursuant to §109(c) and 502(c) together, the Secretary is given authority to establish the format and content of what documents are required to be produced "by this subchapter." Therefore, "Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to . . .may in the court's discretion be personally liable" for a § 502(c) penalty.

41. Also, the Secretary has general authority under "this subchapter" to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this title. ERISA § 505, 29 U.S.C. § 1135.

42. The Secretary of Labor's ERISA claim procedures regulations, set out in 29 C.F.R. § 2560.503-1 (h)(2)(iii) describe what documents an administrator must provide.

43. The regulations state that, in order to provide a full and fair review, a claimant **shall be** provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information *relevant* to the claimant's claim for benefits. Whether a document, record, or other information is

*relevant* to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section.

    44.    The Secretary explains at Paragraph (m)(8) what documents are relevant to the claim, and are thus required to be produced under ERISA:

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information.
>
> (i)    Was relied upon in making the benefit determination;
>
> (ii)    Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
>
> (iii)    Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
> (iv)    In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

    45.    VULCAN/HARTFORD had an obligation to provide all the documents relevant to a claim that are required to be provided by the Department of Labor's ERISA claims regulations.

46.     VULCAN/HARTFORD as the claims administrator and de facto plan administrator was in possession of all the documents requested by Mrs. Falletta. Moreover, VULCAN/HARTFORD was the only entity with any obligation to provide the documents that was also in possession of the documents requested.

47.     VULCAN/HARTFORD failed to provide the information requested to be provided under ERISA regulations within 30 days and failed to provide all the information requested that ERISA requires be provided.

WHEREFORE, Plaintiff Kelly Falletta prays this Honorable Court enter an award in favor of Plaintiff Kelly Falletta and against Defendants Vulcan and Hartford for civil penalty damages in the amount of One Hundred Ten and no/100 Dollars ($110) per day from May 15, 2017 and continuing until such information is provided by the Administrator/Plan Sponsor Vulcan and the de facto Administrator Hartford in addition to a reasonable attorney fee.

                                              Respectfully Submitted

                                              /s/Jon E. Lewis_____
                                              Jon E. Lewis (LEW033)
                                              Attorney for Plaintiff

**OF COUNSEL:**

Lewis, Feldman & Lehane, LLC
The Magnolia Office Plaza Building
2112 11th Avenue South, Suite 542
Birmingham, Alabama  35205
205-254-6060 telephone
205-254-3939 facsimile
jon@LFLSattorneys.com

**SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Health and Welfare Benefit Plans of Vulcan Materials Company
c/o Vulcan Materials Company
1200 Urban Center Dr.
Birmingham, AL35242

Vulcan Materials Company
Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104

Hartford Life and Accident Insurance Company
CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104